Jessica S. Boar
BINGHAM MCCUTCHEN, LLP
399 Park Avenue
New York, NY 10022
(212) 705-7258
Jessica.boar@bingham.com

Eric J. Branfman (admitted *pro hac vice*)
Joshua M. Bobeck (admitted *pro hac vice*)
BINGHAM MCCUTCHEN, LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000
Eric.branfman@bingham.com
Josh.bobeck@bingham.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AT&T COMMUNICATIONS OF NEW YORK, INC., and TELEPORT COMMUNICATIONS GROUP INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BROADVIEW NETWORKS HOLDINGS, INC., BROADVIEW NETWORKS, INC., and EUREKA TELECOM, INC., <br><br> Defendants. | Civil Action No. 08-CV-03042 (SAS) |

**ANSWER, AND AFFIRMATIVE DEFENSES OF DEFENDANTS BROADVIEW NETWORKS HOLDINGS, INC., BROADVIEW NETWORKS, INC., AND EUREKA TELECOM, INC.**

Defendants Broadview Networks Holdings, Inc., Broadview Networks, Inc., and Eureka Telecom, Inc. (collectively "Defendants"), through their undersigned counsel, hereby answer the Complaint filed in this matter by AT&T Communications of New

York, Inc. ("AT&T") and Teleport Communications Group, Inc. ("TCG") (collectively "Plaintiffs") and assert affirmative defenses. With respect to the allegations made in Plaintiffs' Complaint, Defendants state as follows; all allegations not specifically admitted shall be deemed denied:

## INTRODUCTION

1. Defendants admit that this action is purportedly brought to recover amounts billed by AT&T and TCG to Defendants for "switched access services," admit that AT&T and TCG had federal and state tariffs in effect during at least some relevant times, and deny all other allegations of Paragraph 1.

2. Defendants admit that Eureka Telecom, Inc. is a wholly owned indirect subsidiary of Broadview Network Holdings, Inc. and deny all other allegations of Paragraph 2.

3. Defendants admit that Plaintiffs purport to bring this action for a declaration that Defendants have violated the interstate and intrastate access tariffs of AT&T and TCG in New York and to recover amounts allegedly owed by Defendants and deny all other allegations of Paragraph 3.

4. Defendants admit that this Court has jurisdiction and authority to grant declaratory and other appropriate relief, but deny that any relief is appropriate.

5. Defendants admit the allegations of Paragraph 5

6. Defendants admit the allegations of Paragraph 6 on information and belief.

7. Defendants deny that TCG is a New York corporation and admit all other allegations of Paragraph 7 on information and belief.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

A/72551574.1

9. Defendants admit the allegations of Paragraph 9 of the Complaint, but deny that Eureka Telecom, Inc. has its principal place of business at 39 Broadway, 19th Floor, New York, NY, 10006.

10. Defendants admit the allegations of Paragraph 10 of the Complaint, but state that Eureka Telecom, Inc. is a wholly-owned indirect subsidiary of Broadview Networks Holdings, Inc.

## BACKGROUND

11. Defendants deny that Broadview Networks Holdings, Inc. carries any telephone calls and therefore that Plaintiffs perform any functions for Broadview Networks Holdings, Inc., and deny that the calls transmitted by Broadview Networks, Inc. and Eureka Telecom, Inc. to Plaintiffs are subject to Plaintiffs' switched access tariffs. On information and belief, Defendants admit the other allegations of Paragraph 11.

12. Defendants deny that Broadview Networks Holdings, Inc. carries any telephone calls and therefore deny that Broadview Networks Holdings Inc. receives any interstate switched access services or intrastate switched access services from Plaintiffs, and deny that the calls transmitted by Broadview Networks, Inc. and Eureka Telecom, Inc. to Plaintiffs are subject to Plaintiffs' switched access tariffs. On information and belief, Defendants admit the other allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants admit that AT&T's current tariff governing interstate switched access charges is referred to as AT&T Communications Tariff F.C.C. No. 28.

15. Defendants admit that Complaint Paragraph 15 accurately quotes from the current AT&T Interstate Tariff.

16. Defendants admit that the cited sections of the current AT&T Interstate Tariff all contain rate elements and charges applicable to certain aspects of interstate switched access services.

17. Defendants admit that Complaint Paragraph 17 accurately quotes from the current AT&T Interstate Tariff.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants admit that TCG's current tariff governing interstate switched access charges is referred to as Teleport Group Operating Companies F.C.C. No. 2.

20. Defendants admit that Complaint Paragraph 20 accurately quotes from the current TCG Interstate Tariff.

21. Defendants admit that the cited sections of the current TCG Interstate Tariff all contain rate elements and charges applicable to certain aspects of interstate switched access services.

22. Defendants deny that Complaint Paragraph 22 accurately quotes from the current TCG Interstate Tariff.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants admit that AT&T's current tariff governing intrastate switched access charges in New York is AT&T's Intrastate Access and Network Services Tariff F.C.C. No. 28.

25. Defendants admit that Complaint Paragraph 25 accurately quotes from the current AT&T Intrastate Tariff.

26. Defendants admit that the cited sections of the current AT&T Intrastate Tariff all contain rate elements and charges applicable to certain aspects of intrastate switched access services.

27. Defendants admit that Complaint Paragraph 27 accurately quotes from the current AT&T Intrastate Tariff.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants admit that TCG's current tariff governing New York intrastate switched access charges is referred to as TC Systems, Inc. Tariff P.S.C. No.3.

30. Defendants admit that Complaint Paragraph 30 accurately quotes from the current TCG Intrastate Tariff.

31. Defendants admit that the cited sections of the current TCG Intrastate Tariff (except for Section 4.15.3) all contain rate elements and charges applicable to certain aspects of interstate switched access services.

32. Defendants admit that Complaint Paragraph 32 accurately quotes from the current TCG Interstate Tariff.

33. Defendants deny the allegations of Paragraph 33.

## CAUSES OF ACTION

### Count I

34. Defendants incorporate by reference their Answer to Paragraphs 1 through 33 as if set forth fully herein.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants admit that AT&T sent invoices to Broadview Networks, Inc. and Eureka Telecom, Inc. but are without information as to whether the amounts invoiced

reflect the rates set forth in AT&T's Interstate Tariff and therefore deny that allegation, and deny all other allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

## Count II

40. Defendants incorporate by reference their Answer to Paragraphs 1 through 39 as if set forth fully herein.

41. Defendants deny the allegations of Paragraph 41.

42. Defendants admit that TCG sent invoices to Broadview Networks, Inc. and Eureka Telecom, Inc. but are without information as to whether the amounts invoiced reflect the rates set forth in AT&T's Interstate Tariff and therefore deny that allegation, and deny all other allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

## Count III

46. Defendants incorporate by reference their Answer to Paragraphs 1 through 45 as if set forth fully herein.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants admit that AT&T sent invoices to Broadview Networks, Inc. and Eureka Telecom, Inc. but are without information as to whether the amounts invoiced reflect the rates set forth in AT&T's Intrastate Tariff and therefore deny that allegation, and deny all other allegations of Paragraph 48.

A/72551574.1

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

## Count IV

52. Defendants incorporate by reference their Answer to Paragraphs 1 through 51 as if set forth fully herein.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants admit that TCG sent invoices to Broadview Networks, Inc. and Eureka Telecom, Inc. but are without information as to whether the amounts invoiced reflect the rates set forth in TCG's Intrastate Tariff and therefore deny that allegation, and deny all other allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

## PRAYER FOR RELIEF

In response to the Plaintiffs' Prayer for Relief, Defendants state that Plaintiffs are not entitled to any of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of primary jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in part because intrastate switched access charges are not owed in New York State on intraLATA traffic.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Dated: May 29, 2008

**BINGHAM MCCUTCHEN LLP**

By: /s/Jessica S. Boar
Jessica S. Boar
399 Park Avenue
New York, NY 10022
(212) 705-7258
Jessica.boar@bingham.com

Eric J. Branfman (admitted *pro hac vice*)
Joshua M. Bobeck (admitted *pro hac vice*)
BINGHAM MCCUTCHEN, LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000
Eric.branfman@bingham.com
Josh.bobeck@bingham.com

Attorneys for Defendants

A/72551574.1